IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Clyde Gravely, | C/A No. 9:10-2241-TMC |
| Plaintiff, | |
| | **OPINION & ORDER** |
| v. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for social security disability insurance benefits ("DIB") and Supplemental Security income ("SSI") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on September 6, 2011. (Dkt. # 14).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## Procedural Background

Plaintiff first applied for DIB and SSI in April 2002, with an alleged disability onset date of March 18, 2002. His application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on June 11, 2003, and on August 26, 2003, the ALJ denied Plaintiff benefits. Plaintiff sought review of his case by the Appeals Council which was granted. Upon review, the Appeals Council remanded Plaintiff's case for further proceedings. On July 19, 2005, a different ALJ held a hearing and Plaintiff amended his application to allege a new period of disability - from March 19, 2002, through October 1, 2003, the date Plaintiff returned to work. On September 23, 2005, the ALJ issued a decision finding Plaintiff was not disabled. Plaintiff again sought review from the Appeals Council, but the Appeals Council denied his request for a review. Plaintiff sought judicial review and his case was remanded to the ALJ. On July 3, 3008, another ALJ held a third hearing and issued a decision on August 14, 2008, finding Plaintiff not disabled. Plaintiff again sought review by the Appeals Council, but the Appeals Council denied him a review. Plaintiff filed this action on August 27, 2010.

The Magistrate Judge to whom this matter was referred filed a Report and Recommendation on September 6, 2011, in which he recommended that the Commissioner's decision be reversed and remanded for the purpose of obtaining proper vocational expert testimony and further administrative proceedings as necessary. The parties were advised of their rights to file specific written objections to the Report. The Commissioner filed objections on September 23, 2011. (Dkt. # 15). Plaintiff filed a response to those objections on October 17, 2011. (Dkt. # 20). This matter is now ripe for review.

**Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

**DISCUSSION**

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1). In his Report, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated herein by

reference.

Plaintiff argues that the ALJ erred by accepting the vocational expert's testimony which contracted vocational information contained in the Dictionary of Occupational Titles ("DOT"). Defendant argues that "any technical error by the ALJ in not affirmatively asking about conflicts with the DOT was harmless in this case." (Dkt. # 15 - Def.'s Objections at 4).

Social Security Ruling 00–4p requires, in pertinent part, that:

> Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00–4p, 2000 WL 1898704 (2000). Accordingly, the ALJ must elicit a reasonable explanation for any "apparent unresolved conflict" between the vocational expert testimony and the DOT before relying on the vocational expert's testimony to support a determination about whether the claimant can perform such work. *Id.*

As Defendant notes, failure to make the appropriate inquiry may be harmless error. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir.1994) (finding the ALJ's error harmless when the ALJ would have reached the same result notwithstanding an error in his analysis); *see also Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (finding ALJ's failure to ask about conflict between the vocational expert testimony and DOT was harmless error because no conflict existed). However, here, the Magistrate Judge addressed this argument and

concluded such failure was not harmless. After carefully reviewing the record, the court is of the opinion that the Magistrate Judge's recommended disposition is correct in this case and that all objections should be overruled. Having conducted the required de novo review of the issues to which the Commissioner has objected, the Court finds no basis for disturbing the Report.

## Conclusion

After a thorough review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in this case. The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. The Commissioner's objection is overruled. For the reasons set out above and in the Report, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is reversed and remanded for further proceedings.

**IT IS SO ORDERED.**

                                             s/Timothy M. Cain
                                             United States District Judge

November 21, 2011
Greenville, South Carolina